IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL SIMONS,<br><br>        Plaintiff,<br><br>        v.<br><br>DITTO TRADE, INC., *et al.*,<br><br>        Defendants. | Case No. 14 C 309<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Joseph Fox ("Fox") is the co-founder of Ditto Holdings, Inc. ("Holdings") and its parent company, Ditto Trade, Inc. ("Trade"), a Broker-Dealer registered with the U.S. Securities and Exchange Commission (the "SEC"). Fox currently serves as the Chief Executive Officer of Holdings. In January 2013, Fox recruited Paul Simons ("Simons") to serve as Chief Executive Officer of Trade and Executive Vice President of Holdings. The relationship began well but soured shortly after Simons reported his concerns about certain internal financial irregularities to Holdings' Board and the SEC. Indeed, within only a week of having done so, Simons was removed from the Board and fired from both his positions at Trade and Holdings.

On the same day, Holdings sued Simons in the Circuit Court of Cook County seeking $40 million in damages for breach of

contract and breach of fiduciary duty.  Simons moved to dismiss the case on the ground that the suit violated Illinois' Citizen Participation Act, 735 Ill. Comp. Stat. 110/1, which prohibits the filing of lawsuits aimed solely at obstructing a private citizen's right to petition, speak freely, or otherwise participate in government.  Simons' Motion was denied and currently is pending on appeal.

In the interim, on January 16, 2014, Simons filed this action asserting claims of his own against Fox, Holdings, and Trade (collectively, the "Defendants").  The Defendants counterclaimed and the parties then cross-moved to dismiss various claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On August 8, 2014, the Court issued a Memorandum Opinion and Order granting in part and denying in part those motions.  [*See,* ECF No. 37.]  The surviving claims are: Simons' retaliation, breach of contract, defamation, and declaratory judgment claims, and the Defendants' counterclaim for tortious interference with business relations.

Evidently dissatisfied with the Court's rulings on its counterclaims, the Defendants now have asked the Court to relinquish jurisdiction over this case altogether because, as they contend, their pending state court suit is duplicative of this action and abstention therefore is proper under *Colorado*

*River Water Conservation Dist. v. United States,* 424 U.S. 800, 818 (1976). For reasons stated herein, the Motion is denied.

## II. ANALYSIS

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them. . . . Accordingly, a federal court's ability to abstain from exercising federal jurisdiction is the exception, not the rule, and can be justified only in exceptional circumstances." *Adkins v. VIM Recycling, Inc.,* 644 F.3d 483, 496 (7th Cir. 2011). The Supreme Court addressed one of those "exceptional circumstances" in *Colorado River*, which held that a district court has discretion to stay or dismiss a suit "when there is a concurrent state proceeding and the stay or dismissal would promote wise judicial administration." *Colorado River,* 424 U.S. at 818.

In determining whether abstention is appropriate, courts must consider whether the federal and state cases are parallel and, if they are, whether the circumstances are exceptional enough to warrant a stay or dismissal of the federal complaint. *Tyrer v. City of South Beloit, Ill.,* 456 F.3d 744, 753-54 (7th Cir. 2006). If the cases are not parallel, *Colorado River* does not apply and the court's analysis ends there. *Jin Won Lee v. First Tek, Inc.,* No. 12 C 4571, 2013 WL 1195714, at *2 (N.D. Ill. Mar. 20, 2013). If the proceedings are parallel, however, the court then must determine whether abstention is proper in view of

the ten non-exclusive factors set forth by the Seventh Circuit in *Lumen Const., Inc. v. Brant Const. Co., Inc.,* 780 F.2d 691, 694-95 (7th Cir. 1985). *See, Freed v. Weiss,* 974 F.Supp.2d 1135, 1138 (N.D. Ill. 2013). Those factors are:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained in the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*LaDuke v. Burlington Northern R.R. Co.,* 879 F.2d 1556, 1559 (7th Cir. 1989) (quoting *Lumen,* 780 F.2d at 694-95).

Suits are parallel for *Colorado River* purposes if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *AAR Int'l, Inc. v. Nimelias Enter. S.A.,* 250 F.3d 510, 518 (7th Cir. 2001). At the outset, the Court notes that the parties involved in this case differ from those involved in the state court suit. In particular, Trade and Fox are not parties to the state court proceedings, and Jeremy Mann, Holdings' former Chief Financial Officer, whom Holdings subsequently named as a co-defendant in the state court action, has not joined Simons as a plaintiff in

this suit.  Although it is true that "[s]tate and federal proceedings need not be identical to be parallel," *Freed*, 974 F. Supp. 2d at 1140, there must at least be "a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case." *Nimelias,* 250 F.3d at 518.  Such is not the case here.

To begin with, none of the claims now pending in this case ever were asserted in the state court action.  Nor could they be added to the state court case at this juncture, since the trial judge's order denying Simons' motion to dismiss presently is on appeal.  Indeed, if Simons prevails on his appeal, the state court lawsuit would terminate without the resolution of *any* of Simons' claims.  Moreover, Simons advances three separate retaliation claims in this suit, one of which arises under the federal Dodd-Frank Wall Street Reform and Consumer Protection Act, which provides federal courts with exclusive jurisdiction over such claims. *See,* 15 U.S.C. § 78u-6(h).  The Supreme Court has emphasized that "the presence of federal-law issues must always be a major consideration weighing against surrender," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 26 (1983), and since Simons would be unable to bring his Dodd-Frank claim in state court regardless of the outcome of his appeal, whatever efficiencies that might be gained from

abstaining from exercising jurisdiction in this case pending a final result in the state court action would be minimal.

Although the Defendants may be correct that both suits arise out of substantially the same events, the standard for evaluating whether abstention is appropriate involves considerations far narrower than whether the claims simply share the same core of operative facts. *Huon v. Johnson & Bell, Ltd.,* 657 F.3d 641, 646 (7th Cir. 2011). Rather, as explained previously, "[t]he critical question [for abstention purposes] is a practical one, focusing on whether the state case is likely to dispose of the claims presented in federal court." *Downey v. Keltz,* No. 11 C 1323, 2012 WL 280716, at *5 (N.D. Ill. Jan. 31, 2012) (quotation marks and citation omitted). In that inquiry, it is helpful to examine the extent to which different evidence would be required to prove the respective claims at issue in the state and federal suits. *See, Huon,* 657 F.3d at 647.

While there may be some overlap between the two suits, several of Simons' claims in this case require proof of facts that are not at issue in the state court action. For example, Simons' defamation claim against Fox turns in substantial part upon the falsity of Fox's statements, whether those statements harmed Simons' reputation, and whether Fox acted willfully or maliciously – all evidentiary issues which are not germane to Holdings' breach of contract and fiduciary duty claims in state

court.  These and other evidentiary differences plainly suggest that the two suits are not parallel.  *Huon,* 657 F.3d at 647.

### III.  CONCLUSION

For the reasons stated herein, the Court finds *Colorado River* abstention to be inappropriate in this case.  Accordingly, the Defendants' Abstention Motion [ECF Nos. 43, 44] is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　
**Harry D. Leinenweber, Judge**
**United States District Court**

**Dated:11/19/2014**