IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| PAUL SIMONS,<br><br>                Plaintiff,<br><br>   v.<br><br>JOSEPH FOX,<br><br>                Defendant. | Case No. 14 C 309<br><br>Judge Harry D. Leinenweber |

## ORDER

Before the Court is Plaintiff Paul Simons' Motion for Attorneys' Fees and Costs [ECF No. 170]. For the reasons stated herein, the Court grants in part and denies in part the Plaintiff's Motion. Defendant Joseph Fox is ordered to pay $44,681.50 to Plaintiff within twenty-one (21) days of entry of this Order.

## STATEMENT

In a prior opinion considering Plaintiff Paul Simons' ("Simons") Motion for Sanctions, this Court found Defendant Joseph Fox ("Fox") had violated Federal Rules of Civil Procedure 37(b) (for violating a court order) and 37(d) (for failing to appear at a properly noticed deposition), although the Court ordered an award of monetary sanctions against Fox pursuant only to Rule 37(d). The Court incorporates the background discussion from its prior opinion in this matter, *see,* Case No. 1:14-cv-309, ECF No. 168, in which it explained the factual and legal bases for the sanctions, including a summary of Fox's obstruction during this litigation, the reason why Fox's failure to appear for his deposition was unjustified,

and an explanation for why an award of attorneys' fees was appropriate under the particular rule.

Simons has filed a Motion for Attorneys' Fees as requested, pursuant to the fee-shifting provision contained in Rule 37(d)(3). He asks for $91,590.50 in fees and expenses. The Rule specifically requires the party failing to act "to pay the reasonable expenses, including attorneys' fees, caused by the failure." FED. R. CIV. P. 37(d)(3).

Simons' attorneys billed him on an hourly basis for the work related to bringing the original motion for sanctions and for the costs related to rescheduling the canceled deposition in Chicago. The attorneys state in the present Motion for Fees that their work was "substantially discounted from the firm's usual and customary rates and are reasonable and consistent with rates charged by attorneys in Cook County with comparable skill and experience." *See*, Pl. Mot. ¶ 3. Simons' lead attorney, W. Allen Woolley, attached a signed declaration in support of that statement. The Motion includes a description of the work that went into researching and drafting the motions for sanctions and an itemized list of actions counsel took in response to Fox walking out of his deposition and leaving town. The attorneys have already billed Simons for $74,434.50 in fees and costs related to these events. The attorneys ask for an additional $12,156.00 for preparing the present Motion for Fees and supporting documentation. Finally, counsel asks for an additional $5,000.00 in anticipated attorneys' fees, for "the time that will be required to finalize and file this motion and to reply to any response that may be filed by Fox."

Based on the attorneys' representations in the Motion and attached declaration, and the costs attendant to the canceled deposition out-of-state, the Court finds the total of costs and fees reasonable, with the following significant exceptions:

- The Court declines to grant an additional $5,000.00 in "anticipated attorneys' fees." Despite ample opportunity to do so, Fox never responded to this Motion, so it is unlikely Simons' counsel expended much extra effort defending the petition for fees.

- Simons brought two motions for sanctions, one for violation of Rule 37(b) and another for violation of Rule 37(d). He seeks fees for work done in preparation of both. The motion for sanctions pursuant to Rule 37(b) also included a request for a broad protective order that the Court denied. The Court only awarded sanctions pursuant to Rule 37(d) for Fox's unjustified failure to appear at his properly noticed deposition. The chart of fees sought includes several entries reflecting combined work on both motions. *See,* Pl. Ex. 1, "Fees Sought." The resulting total is not reasonable, especially in light of the fact that the request for a protective order was denied. Because the Court decided to award the sanctions only pursuant to 37(d), it will halve the costs of the total time spent that seems fairly attributable to preparing and researching both motions.

Fifty categories of "fees sought" appear attributable to work on both motions; half the total amount in those categories is equal to $35,831.00. The Court subtracts that amount from the $74,434.50 sought, to reach $38,603.50. The Court will similarly award half the $12,156.00 sought for preparing the present motion for fees, or $6,078.00. The Court thus grants Simons a total of $44,681.50 in attorneys' fees and costs relevant to Fox's failure to appear at his properly noticed deposition under Federal Rule of Civil Procedure 37(d)(3).

Fox is ordered to pay $44,681.50 to Simons within twenty-one (21) days of entry of this Order. Ordering payment of the sanctions within that timeframe rather than at the conclusion of the underlying case will ensure the sanctions have the intended effect, which is to deter Fox from future discovery obstructions and dilatory tactics of the sort that have drawn out this

litigation.  Plaintiff Paul Simons' Motion for Attorneys' Fees and Expenses against Joseph Fox [ECF No. 170] thus is granted in part and denied in part.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: August 11, 2016